IN THE UNITED STATES OF DISCTRIC COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANERSON DIVISION
CASE NO.: 8:19-CV-03322-DCC

| | |
|---|---|
| SHANE POWELL, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>IVAN LOUIS WHIDDEN and )<br>CELADON TRUCKING )<br>SERVICES, INC. d/b/a CELADON )<br>TRUCKING, d/b/a CLADON )<br>TRUCKING, )<br>)<br>   Defendants. )<br>_____) | **PROGRESSIVE NORTHERN INSURANCE COMPANY'S NOTICE OF APPEARANCE AND ANSWER**<br>**(JURY TRIAL DEMANDED)** |

Progressive Northern Insurance Company, as possible uninsured motorist carrier (hereinafter "Carrier") herein, hereby files a Notice of Appearance and Answer to the Complaint as follows:

1. That the Carrier, by and through its assigned counsel, Michael T. Coulter, notices its appearance pursuant to Section 38-77-160, 1976, S.C. Code of Laws, as amended, specifically reserving any and all rights, objections, and defenses it may have available under the law and the insurance policy in question, and request that copies of all pleadings, discovery, and other materials served in this action by any party be served upon the undersigned at the address given below.

2. The alleged uninsured motorist carrier respectfully demands a jury trial pursuant to Rule 38 of the *South Carolina Rules of Civil Procedure*. That assigned counsel is not representing the Defendant and will not undertake that representation at this time.

3. To the extent that a responsive pleading is required, the undersigned denies each and every allegation of the Complaint, asserts affirmative defenses set forth in Rule 8 of the *South Carolina Rules of Civil Procedure,* as to service and personal jurisdiction, asserts the defense that the plaintiff's claims are, or maybe, time barred by the applicable Statute of Limitations, and raises those defenses set forth in Rule 12, of the *South Carolina Rules of Civil Procedure,* all to the extent they are applicable.

4. That counsel for the Carrier specifically reserves the option to assume control of the defense of the case in the name of the defendant pursuant to the underinsurance or uninsured statute should the Carrier choose to exercise that option; and

5. Further, in filing this notice, Progressive Northern Insurance Company makes no representations, admissions or otherwise as to the existence, applicability or amount of any insurance coverage. Progressive Northern Insurance Company specifically pleads and asserts any applicable offsets, credits, setoffs or exclusions available under the terms of any applicable policy and South Carolina Law.

6. This appearance is made pursuant to South Carolina Code of Laws, Section 38-77-160, in making this appearance, Progressive Northern Insurance Company specifically reserves all rights, objections, setoffs, exclusions, credits, offsets, and defenses available under the terms of any applicable policy, and the applicable laws and statutes of the State of South Carolina.

7. In making this appearance, the Carrier specifically reserves and does not waive any rights pursuant to its policy of insurance, including, but not limited to, the applicability of underinsured and/or uninsured motorist coverage to this action and/or whether or not underinsured and/or uninsured motorist coverage is included as part of said

policy, and further intends to reserve all rights which it may have pursuant to South Carolina Code 38-77-160.

8. That the Carrier requests that its counsel be notified in writing, and served by counsel of record for plaintiff and defendant, of all court hearings, motion hearings, status conferences, trial dates and like matters and be provided copies of all discovery requests, discovery responses and notice of all depositions and like proceedings by the respective counsel for the parties herein.

9. The Carrier denies each and every allegation of the plaintiff's Complaint not specifically admitted, modified, or explained in the original Answer filed by the defendants on November 26, 2019.

10. The Carrier hereby denies any and all Requests for Admissions served on Defendants/Carrier pursuant to Rule 36 of the South Carolina Rules of Civil Procedure which are inconsistent with Defendants/Carrier's Answer

## FOR A SECOND DEFENSE

11. The Carrier incorporates herein the allegations of its previous defenses which are consistent with this defense.

12. The Carrier alleges that the Complaint of the plaintiff fails to state facts sufficient to constitute a cause of action against them and, therefore, the plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the <u>South Carolina Rules of Civil Procedure</u>.

## FOR A THIRD DEFENSE

13. The Carrier incorporates herein the allegations of its previous defenses which are consistent with this defense.

14. The Carrier alleges that even assuming that the defendant was negligent, careless, grossly negligent, willful, wanton or reckless in any respect, and that any such conduct on his part operated as a proximate cause of the accident and the plaintiff's resulting injuries and damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that the plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed more than 50% to the cause of the accident and the plaintiff's resulting injuries and damages, if any. For that reason, the Carrier is not liable to the plaintiff in any sum whatsoever.

## FOR A FOURTH DEFENSE

15. The Carrier incorporates herein the allegations of its previous defenses which are consistent with this defense.

16. The Carrier alleges that even if the defendant was negligent, careless, grossly negligent, reckless, willful or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and if any such conduct on his part operated as a greater than 50% cause of the accident and the plaintiff's resulting injuries and damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, they are entitled to a determination as to the percentage which the plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to the accident and to a reduction of any amount awarded to the plaintiffs in an amount equal to that percentage of the plaintiff's own negligent, grossly negligent, reckless, willful and wanton conduct.

**FOR A FIFTH DEFENSE**

17. The Carrier incorporates herein the allegations of its previous defenses which are consistent with this defense.

18. The Carrier alleges that the plaintiffs have failed to mitigate his damages and, therefore, the plaintiff's Complaint should be dismissed.

**FOR A SIXTH DEFENSE**

19. The Carrier incorporates herein the allegations of its previous defenses which are consistent with this defense.

20. The Carrier specifically reserves any additional and/or affirmative defenses as may become available to it or revealed to it during the course of the investigation and/or discovery in this case.

**FOR A SEVENTH DEFENSE**

21. The Carrier incorporates herein the allegations of its previous defenses which are consistent with this defense.

22. The Carrier would allege that an award of punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further be a violation of the due process and equal protection causes of the Fifth and Fourteenth Amendments, respectively, of the United States Constitution, as well as the applicable corresponding section of the Constitution of the State of South Carolina, Article 1, Section 3.

Plaintiff's claim for punitive damages violates the Carrier's right to access to the Courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Carrier's exercise of that right.

Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons;

    (a)    The standard or test for determining the requisite mental state of the defendants for imposition of punitive damages is void for vagueness; and

    (b)    Insofar as punitive damages are not measured against actual injury to the plaintiffs and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of the defendants' alleged conduct.

WHEREFORE, having fully answered the Complaint of the plaintiffs, the Carrier prays that the Complaint of the plaintiff be dismissed, for the costs and disbursements of this action, and for any such other and further relief as this Court shall deem just and proper.

By:     s/Michael T. Coulter
Michael T. Coulter (SC Bar# 15177)
Clarkson, Walsh, & Coulter, P.A.
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400/
(864) 235-4399 (fax)
Attorneys for Progressive Northern Insurance Company

July 16, 2020      **JURY TRIAL DEMANDED**

Greenville, SC      By:     s/Michael T. Coulter
Michael T. Coulter (15177)